# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2014

Lyle W. Cayce
Clerk

No. 13-11061

SAM JONES,

Plaintiff-Appellant

v.

SHARON KNIGHT, TDCJ Parole Officer; DAN BAILEY, TDCJ Parole Officer; DETECTIVE ADAMS, Cedar Hill Police Officer; TOMMY PHILLIPS, TDCJ Parole Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1511

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Sam Jones, Texas prisoner # 1787475, moves for the appointment of counsel and leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. In his complaint, Jones alleged that his rights under the Fourth Amendment, the Fourteenth Amendment, the Due Process Clause, and state law were violated because the defendants

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11061

maliciously prosecuted him by initiating a criminal proceeding against him in bad faith, which resulted in his indictment for failing to meet his obligation as a registered sex offender to report his change of address in person to the local law enforcement authority.   He also asserted state law claims that the defendants engaged in the intentional infliction of emotional distress.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the district court dismissed his federal claims as frivolous or for failure to state a claim upon which relief may be granted.   The district court declined to exercise supplemental jurisdiction over his state law claims and dismissed his state law claims without prejudice.   The district court further denied Jones leave to proceed IFP on appeal, certifying that his appeal was not taken in good faith. By moving to proceed IFP here, Jones is challenging the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Jones contends that the criminal proceeding was initiated against him due to his parole officers' failure to fax his address change to the Dallas Police Department and the defendants' subsequent cover up of that failure.   Jones also argues that one of the defendants, Detective Adams, presented falsified evidence to the grand jury making it appear that Jones was required to register as a sex offender every 90 days instead of annually.

In *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc), we held that "'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."  We recognized, however, that "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested, for example."  *Id*. at 953.

No. 13-11061

Even if Jones's allegations were construed as pleading a Fourth Amendment claim of false arrest or unreasonable seizure, his arguments fail to raise a nonfrivolous issue regarding the absence of probable cause for his arrest, a necessary component of such claims. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010). A grand jury indicted Jones for failing to report his intended address change "in person" to the Dallas Police Department before he moved and failing to report his address change "in person" to the Cedar Hill Police Department after he moved to the Cedar Hill jurisdiction. Those charges were based on grounds that are not implicated by Jones's arguments about the fax of his address change and Adams's portrayal of how often Jones was required to register as a sex offender. *See* TEX. CODE CRIM. PROC. art. 62.055(a). Jones's arguments do not raise a nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The instant appeal is without arguable merit and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The district court's dismissal of Jones's § 1983 suit and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Jones is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.